## Ex parte Warmouth.

1. Where the Circuit Court of the United States proceeds to exercise jurisdiction under the twenty-third section of the act of 31st May, 1870, entitled "An act to enforce the rights of citizens of the United States to vote in the several States of this Union, and for other purposes," an appeal will lie to this court from its final decree.
2. This court has no power to issue the writ of prohibition in such a cause until such appeal is taken.

Sur application of H. C. Warmouth, for a prohibition to the circuit judge for the district of Louisiana.

The application now made was filed December 10th, 1872, based on a bill (and the proceedings under it) which had

---

* Demarest and Wife v. Wynkoop, 3 Johnson's Chancery, 134.

been filed November 16th, 1872, on the equity side of the Circuit Court for the district of Louisiana, wherein one Kellogg was complainant, and Warmouth, Wharton, Hatch, Da Ponté, McEnery, and the New Orleans Republican Printing Company, defendants; all the parties being averred to be citizens of Louisiana.

That bill averred that in November, 1872, an election was held for governor and lieutenant-governor, as well as for officers of the executive, judicial, and legislative departments; that the complainant and one McEnery were opposing candidates for governor; that at the election no one was enabled to vote who had not been registered; that Warmouth had appointed supervisors of registration with the fraudulent intent of preventing persons entitled to vote from being registered, and that in fact a large number, estimated at ten thousand, were on frivolous pretences prevented from being registered, and were thus prevented from voting for Kellogg, the complainant; that Warmouth, combining with the supervisors and assistants, had caused a false count to be made of the votes, and given untrue returns and certificates of election; that in counting the votes and issuing certificates he had not complied with the law of the State; that he had illegally appointed Wharton secretary of state, and with him elected Hatch and Da Ponté members of the returning board; that it was the intention of this board to make a pretended canvass of the votes, so as to exclude from the count the votes of persons of color prevented from being cast, and thus to deliver to the pretended secretary of state such certificate of result as to make it appear that the said McEnery was elected, which would embarrass and delay him in the prosecution of legal proceedings in the said Circuit Court; that he believed it to be the intention of Warmouth to mutilate the said certificates and returns, and that they should be preserved for proper action when the time for such action shall arrive.

The bill then prayed for an injunction, restraining the defendants from canvassing any return or certificate, or sub-

mitting the same to the pretended board, composed of Wharton, Hatch, and Da Ponté.

That an injunction issue to McEnery, prohibiting him from acting as governor, or setting up any claim to the office.

That an injunction also issue to the New Orleans Republican Printing Company, controlling the publication of the New Orleans Republican, restraining it from publishing any notice, statement, or document relating to said election, and emanating from said board.

The bill further prayed that Warmouth deposit with the clerk sworn copies of all the papers relating to the said election, in order that they may be beyond his power of destruction.

Further, that the writ of injunction might be granted in the first instance *pendente lite*, and after due proceedings be made perpetual.

On this bill restraining orders were issued as prayed for, November 17th, 1872, and subsequently, to wit, on 19th of November, 1872, process in contempt for disobeying such orders, and requiring the present petitioner to answer interrogatories as to what he had done as governor of Louisiana on the premises.

In presenting the application now made, it was shown to this court that since the filing of it the said circuit judge had issued the following order:

"In order to prevent the further obstruction of the proceedings in this cause, and further to prevent the violation of the orders of this court to the imminent danger of disturbing the public peace, it is hereby ordered, that the marshal of the United States, for the district of Louisiana, shall forthwith take possession of the building known as the Mechanics' Institute, and occupy the State House for the assembling of the legislature there in the city of New Orleans, and hold the same subject to further order of this court; and meanwhile prevent all unlawful assemblage therein under the guise or pretext of authority claimed by virtue of pretended canvass and returns made by said pretended returning officers in contempt and violation of said restraining order. But the marshal is directed to

allow the ingress or egress to and from the public office in said building of persons entitled to the same."

This proceeding by the circuit judge purported to be based on the act of Congress, 31st May, 1870, entitled " An act to enforce the rights of citizens of the United States to vote in the several States of this Union and for other purposes."*

The 2d, 3d, 4th, 5th, 6th, 19th, and 20th sections of the act are intended to preserve the right of the voter.  Each relates to a specific wrong against him, and constitutes it a misdemeanor, punishable by fine and imprisonment.

The 23d section gives a remedy to one deprived of his election to any office.  The remedy is to consist in *" any appropriate suit or proceeding to recover possession of the office."*

*Messrs. P. Phillips and E. N. Ogden, in behalf of the petitioner ; Messrs. Caleb Cushing and M. H. Carpenter, contra.     Mr. T. J. Durant, whom the court declined to hear, for the State of Louisiana.*

The CHIEF JUSTICE:

We are all of opinion that when a final decree shall be rendered in the Circuit Court in this case, an appeal will lie to this court.  We are also of opinion that this court has no jurisdiction in this case to issue a writ of prohibition until an appeal is taken.